CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUL 0 1 2010

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| NAOMI MORIN, | ) CASE NO. 3:09CV00063 |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) By: B. Waugh Crigler<br>) U. S. Magistrate Judge |
| Defendant. | ) |

This challenge to a final decision of the Commissioner which denied plaintiff's June 21, 2005 claim for Child's Disability Benefits and Supplemental Security Income benefits is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

In a decision issued on May 29, 2008, an Administrative Law Judge ("Law Judge") found that plaintiff had worked since her alleged disability onset date, March 1, 2003[1], but that such work did not constitute substantial gainful activity. (R. 20.) The Law Judge determined

---

[1] Plaintiff initially alleged a disability onset date of February 1, 2002. (R. 17.) At the hearing before the Law Judge, her counsel amended the claim to one for a closed period of disability from March 1, 2003 through August 31, 2006 because plaintiff had engaged in substantial gainful activity from September 2006 through August 2007. (R. 430-431.) Counsel further revealed plaintiff's intention to file a new claim for the period commencing August 31, 2007. (R. 431)

plaintiff's degenerative disc disease status post December 15, 2007 L5-S1 disc excision was a severe impairment. (*Id.*) However, he found that plaintiff did not suffer an impairment or combination of impairments which met or equaled any listed impairment. (R. 22.) The Law Judge concluded that from March 1, 2003 until August 31, 2006[2] plaintiff possessed the residual functional capacity ("RFC") to perform a limited range of light work. (*Id.*) Specifically, the Law Judge found that plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently, could stand/walk for about six hours in an eight-hour workday, could sit for about six hours in an eight-hour workday, could push and pull up to twenty pounds occasionally and ten pounds frequently with her upper and lower extremities and could perform occasional climbing, balancing, stooping, kneeling, crouching and crawling. (*Id.*) The Law Judge determined that, since August 31, 2006, plaintiff maintained the RFC to perform a limited range of light work. (R. 27.) Specifically, he determined plaintiff could perform jobs that require lifting and carrying twenty pounds occasionally and ten pounds frequently, standing/walking for greater than two hours at a time and four to six hours total in an eight-hour day, sitting for at least six hours in an eight-hour day, and occasional climbing of ladders and stairs, stooping, bending, crouching/squatting and twisting. (*Id.*) Even so, the Law Judge limited plaintiff to jobs that would accommodate a sit/stand option and that would allow her to walk around every ninety minutes for four minutes. (*Id.*) The Law Judge found that, prior to August 31, 2006, plaintiff possessed the RFC capacity to perform her past relevant work as a cashier, tractor trailer driver, delivery driver, housekeeper, teacher's aide, deli clerk and waitress. (R. 28.) Thus, he concluded

---

[2]Throughout the opinion the Law Judge has referenced August 31, 2007. (R. 22.) Based on the fact that period before the Law Judge ended on August 31, 2006, this appears to be a typographical error. (R. 22.)

that, as of August 31, 2006, plaintiff was able to perform her past relevant work as a teacher's aide, and that plaintiff was not disabled under the Act. (R. 29-30.)

Plaintiff appealed the Law Judge's March 29, 2008 decision to the Appeals Council. (R. 6-9.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 6.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In her *pro se* motion for summary judgment, plaintiff argues that the Law Judge erred in finding that she did not meet § 1.04(A) of the Listings, 20 C.F.R. Part 404, Subpart P, Appendix 1. (Pl's Brief, pp. 17-21.[3]) Listing § 1.04(A) renders disabled a person suffering a spinal disorder resulting in compromise of a nerve root or spinal cord with:

> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

---

[3]Plaintiff's brief is not paginated. For ease of reference, the undersigned has assigned page numbers to the document.

20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04(A).

The Law Judge found that, although plaintiff suffered with degenerative disc disease, the impairment did not meet Listing 1.04(A) because there was no evidence of nerve root compression characterized by neruroanatomic distribution of pain, limitation of motion of the spine, and motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss. (R. 22.) This finding is supported by substantial evidence.

For example, Gregory F. Hackel, D.O. examined plaintiff on September 23, 2005. (R. 306-309.) At that time, Dr. Hackel noted that plaintiff was not using any pain medication. (R. 306.) Dr. Hackel found that plaintiff's cranial nerves were intact, her motor strength and tone were normal, her sensory was intact and responsive to light touch and pin prick, her reflects were intact and symmetrical, and the Romberg testing was negative. (R. 308.)

The Law Judge's finding is also supported by the evidence offered by the State agency record reviewing physicians. The two physicians who reviewed plaintiff's medical records concluded that her impairment did not meet any listed impairment. (R. 257-266, 323-330.)

Next, plaintiff argues that she has new evidence which this court should use in its evaluation of her case. (Pl's Brief, p. 1.) Specifically, plaintiff notes that on March 26, 2010 a Law Judge found that she became disabled on May 30, 2008. (*Id.*)

A reviewing court can remand only if the claimant establishes that the new evidence "is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Evidence is material "if there is a reasonable possibility that the new evidence would have changed the outcome." *Wilkins v. Secretary*, 953

4

F.2d 93, 96 (4th Cir. 1991).

Plaintiff has failed to show that her "new evidence" is such that it likely would have impacted the outcome of her case. The fact that the Commissioner determined that plaintiff was disabled commencing on a later date based on a new application for benefits is not relevant to the instant appeal. As the Commissioner contends, the only decision being reviewed is the unfavorable decision which preceded the later favorable award based on a new application. The evidence of the later favorable disability determination has not been shown to be relevant to these proceedings even under the relation back doctrine. *See, e.g., Moore v. Astrue*, 572 F.3d 520, 525 (8th Cir. 2009) (evidence after the date last insured "can be used in helping to elucidate a medical condition during the time for which benefits might be awarded") (citation omitted). .

Plaintiff further points out that the Law Judge frequently referenced medical reports and a work history which post date the period during which plaintiff was found not disabled. (Pl's Brief, pp. 14-15.) She contends that reference to this evidence in the Law Judge's decision is both misleading and irrelevant. (Pl's Brief, p. 14.) What this argument ignores here is that the initial claim before the Law Judge extended past the closed period eventually considered once it was learned plaintiff had engaged in substantial gainful activity. Moreover, this evidence may have been relevant, under the relation back doctrine, to an assessment of plaintiff's RFC even during the closed period. Thus, no error was committed in this regard.

Next, plaintiff argues that there are instances where the Law Judge refers to August 31, 2007 as the one on which her period of disability closed. (Pl's Brief, p. 15.) There is no doubt in the undersigned's mind that these references were typographical errors in the decision. These types of errors provide no basis, on this record, to remand or reverse.

Finally, plaintiff contends that the Law Judge "falsifies" statements from physicians. (Pl's Brief, pp. 15-17.) While it is true that the Law Judge may have credited some medical evidence over other medical evidence, and while he may have characterized some evidence in a light less favorable than plaintiff desires, it cannot be said that the Law Judge falsified any evidence. This objection should be overruled.

In the end, the undersigned finds that the Commissioner's final decision is supported by substantial evidence, and RECOMMENDS that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk is directed to **mail** a certified copy of this Report and Recommendation plaintiff and electronically transmit the same to all counsel of record.

ENTERED: /s/ [signature]
U.S. Magistrate Judge
7/1/2010
Date